MITCHELL SILBERBERG & KNUPP LLP
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
GABRIELLA N. ISMAJ (SBN 301594)
  gan@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant and
Counterclaimant Guns N' Roses

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN G. NIVEN, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>GUNS N' ROSES, a California partnership, and DOES 1-10, inclusive,<br><br>          Defendant. | CASE NO. 2:26-cv-06571-SB-DSR<br><br>Judge Stanley Blumenfeld, Jr.<br><br>**DEFENDANT GUNS N' ROSES' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**<br><br>**Demand for Jury Trial** |
| GUNS N' ROSES, a California partnership,<br><br>          Counterclaimant,<br><br>     v.<br><br>ALAN G. NIVEN, an individual,<br><br>          Counterclaim Defendant. | |

Mitchell
Silberberg &
Knupp LLP

---

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

## ANSWER

Defendant Guns N' Roses ("GNR" or "Defendant"), by and through the undersigned counsel, hereby answers the Complaint (ECF 1) filed on November 4, 2025 by Plaintiff Alan G. Niven ("Plaintiff" or "Niven") as follows:

## NATURE OF THE ACTION[1]

1.      Paragraph 1 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant refers to the Complaint for the contents thereof, and otherwise denies the allegations of Paragraph 1 to the extent they conflict with the allegations of the Complaint.  Defendant expressly denies that it has committed any wrongful act against Plaintiff.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 1.

2.      Defendant admits and alleges that Plaintiff served as a manager of Guns N' Roses between approximately 1986 to 1991.  Except as expressly admitted and alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies each and every allegation contained therein.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies each and every allegation contained therein.

4.      Defendant refers to the May 2025 letter referenced in Paragraph 4 for the contents thereof, and otherwise denies the allegations of Paragraph 4 to the extent they conflict with the contents of that letter.  Except as expressly admitted, alleged, or denied, Defendant denies the remaining allegations in Paragraph 4.

[1] For the Court's convenience, all headings are as stated in the Complaint.  To the extent that these headings constitute allegations that require a response, Defendant expressly denies any allegations set forth in such headings.

Mitchell
Silberberg &
Knupp LLP

2

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

5.     Paragraph 5 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

6.     Paragraph 6 consists of legal conclusions as to which no response is required.  Except as expressly admitted, alleged or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies each and every allegation contained therein.

7.     Paragraph 7 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant admits and alleges that Plaintiff purports to base venue on 28 U.S.C. § 1391(b)(2).  Except as expressly admitted, alleged, or denied, Defendant denies each and every allegation contained in Paragraph 7.

## PARTIES

8.     Defendant admits that Plaintiff served as a manager of Guns N' Roses.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies each and every allegation contained therein.

9.     Defendant admits and alleges that Defendant is a California partnership and that its partners include W. Axl Rose, Michael McKagan and Saul Hudson.  Except as expressly admitted and alleged, Defendant denies each and every allegation contained in Paragraph 9.

10.     Paragraph 10 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff

Mitchell
Silberberg &
Knupp LLP

3

DEFENDANT'S ANSWER AND COUNTERCLAIM

purports to sue certain defendants under the fictitious names DOES 1 through 10. Defendant expressly denies that it or any other Defendant has committed any wrongful act against Plaintiff.  Except as expressly admitted, alleged or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies each and every allegation contained therein.

## **FACTUAL BACKGROUND**

11.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies each and every allegation contained therein.

12.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies each and every allegation contained therein.

13.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies each and every allegation contained therein.

14.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies each and every allegation contained therein.

15.     Defendant admits and alleges that Plaintiff served as a manager of the band Guns N' Roses for a discrete period of time.  Except as expressly admitted and alleged, Defendant denies each and every allegation contained in Paragraph 15.

16.     Defendant refers to the Agreement referenced in Paragraph 16 for the contents thereof, and denies the allegations of Paragraph 16 to the extent they conflict with the Agreement.  Except as expressly admitted, alleged, or denied, Defendant denies each and every allegation contained in Paragraph 16.

Mitchell Silberberg & Knupp LLP

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

17.     Defendant refers to the Agreement referenced in Paragraph 17 for the contents thereof, and denies the allegations of Paragraph 17 to the extent they conflict with the Agreement.  Except as expressly admitted, alleged, or denied, Defendant denies each and every allegation contained in Paragraph 17.

18.     Defendant refers to the Agreement referenced in Paragraph 18 for the contents thereof, and denies the allegations of Paragraph 18 to the extent they conflict with the Agreement.  Except as expressly admitted, alleged, or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis denies each and every allegation contained therein.

19.     Paragraph 19 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 19.

20.     Defendant refers to the contents of the online posts and 2008 interview in "Classic Rock" magazine referenced in Paragraph 20 for the contents thereof, and denies the allegations of Paragraph 20 to the extent that they conflict with those posts or that interview.  Except as expressly admitted, alleged, or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis denies each and every allegation contained therein.

21.     Defendant refers to the books and "other statements" referenced in Paragraph 21 for the contents thereof, and denies the allegations of Paragraph 21 to the extent they conflict with those books and "other statements."  Except as expressly admitted, alleged, or denied, Defendant denies the allegations of Paragraph 21.

22.     Defendant refers to the documentaries referenced in Paragraph 22 for the contents thereof, and denies the allegations of Paragraph 22 to the extent that they conflict with those documentaries.  Defendant lacks knowledge or information

Mitchell
Silberberg &
Knupp LLP

5

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies each and every allegation contained therein.

23.    Defendant refers to the emails referenced in Paragraph 23 for the contents thereof, and denies the allegations of Paragraph 23 to the extent they conflict with those emails.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 23.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 24, and on that basis denies those allegations.  As to the fourth sentence of Paragraph 24, Defendant refers to the autobiographies referenced in Paragraph 24 for the contents thereof, and denies the allegations of the third sentence of Paragraph 24 to the extent they conflict with those autobiographies.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 24.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies each and every allegation contained therein.

26.    Defendant refers to the contents of the May 9, 2025 letter referenced in Paragraph 26 for the contents thereof, and denies the allegations of Paragraph 26 to the extent that they conflict with that letter.  Except as expressly admitted, alleged or denied, Defendant denies the remaining allegations in Paragraph 26.

27.    Defendant admits that it has not been able to resolve Plaintiff's breach of the Agreement, and lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 regarding the reasons for any changes in any release date, and on that basis denies those allegations.  Defendant denies the remaining allegations in Paragraph 27.

28.    Defendant refers to the "interviews and media appearances" referenced in Paragraph 28 for the contents thereof, and denies the allegations of

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

Paragraph 28 to the extent that they conflict with those interviews and media appearances. Except as expressly admitted, alleged, or denied, Defendant denies each and every allegation contained in Paragraph 28.

29. Defendant refers to the "2021 Classic Rock Magazine feature" referenced in Paragraph 29 for the contents thereof, and denies the allegations of Paragraph 29 to the extent that they conflict with that feature. Except as expressly admitted, alleged, or denied, Defendant denies each and every allegation contained in Paragraph 29.

30. Defendant refers to the "YouTube and podcast interviews" referenced in Paragraph 30 for the contents thereof, and denies the allegations of Paragraph 30 to the extent that they conflict with those YouTube and podcast interviews. Except as expressly admitted, alleged, or denied, Defendant denies each and every allegation contained in Paragraph 30.

31. Defendant refers to "the band's official social media accounts and authorized biographies" referenced in Paragraph 31 for the contents thereof, and denies the allegations of Paragraph 31 to the extent that they conflict with those accounts and biographies. Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 31.

32. Paragraph 32 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis denies each and every allegation contained therein.

## CAUSES OF ACTION

## COUNT 1 – FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY

33. Defendant realleges and incorporates by reference its responses to Paragraph 1 through 32 as though set forth in full.

Mitchell Silberberg & Knupp LLP

7

DEFENDANT'S ANSWER AND COUNTERCLAIM

34. Paragraph 34 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that (i) the Agreement is unenforceable and (ii) Axl Rose did not sign the Agreement. Except as expressly admitted, alleged or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis denies each and every allegation contained therein.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies each and every allegation contained therein.

36. Paragraph 36 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits and alleges that Defendant's counsel sent letters to Plaintiff and ECW on or about May 9, 2025, enforcing Defendant's rights under the Agreement, the contents of which speak for themselves, and denies any characterization of those letters inconsistent with their contents. Defendant expressly denies that it has committed any wrongful act against Plaintiff. Except as expressly admitted, alleged, or denied, Defendant denies the remaining allegations in Paragraph 36.

37. Paragraph 37 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that it has committed any wrongful act against Plaintiff and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies each and every allegation contained therein.

## COUNT II – FOR DECLARATORY JUDGMENT OF NON-BREACH, WAIVER, ESTOPPEL, AND STATUTE OF LIMITATIONS

38. Defendant realleges and incorporates by reference its responses to Paragraph 1 through 37 as though set forth in full.

Mitchell
Silberberg &
Knupp LLP

DEFENDANT'S ANSWER AND COUNTERCLAIM

39.     Paragraph 39 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis denies each and every allegation contained therein. Defendant expressly denies that it has committed any wrongful act against Plaintiff.

40.     Paragraph 40 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 40.

41.     Paragraph 41 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 41.

42.     Paragraph 42 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies each and every allegation contained therein. Defendant expressly denies that it has committed any wrongful act against Plaintiff.

43.     Paragraph 43 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis denies each and every allegation contained therein. Defendant expressly denies that it has committed any wrongful act against Plaintiff.

## COUNT THREE – TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY

44.     Defendant realleges and incorporates by reference its responses to Paragraph 1 through 43 as though set forth in full.

Mitchell
Silberberg &
Knupp LLP

9

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies each and every allegation contained therein.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant admits and alleges that Defendant's counsel sent letters to Plaintiff and ECW on or about May 9, 2025, enforcing Defendant's rights under the Agreement, the contents of which speak for themselves, and denies any characterization of those letters inconsistent with their contents. Defendant expressly denies that it has committed any wrongful act against Plaintiff. Except as expressly admitted, alleged, or denied, Defendant denies the remaining allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

50. Paragraph 50 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis denies each and every allegation contained therein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any other relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's claims for relief, Defendant alleges the following without admission that such allegations are affirmative defenses on which Defendant bears the burden of proof.

Mitchell
Silberberg &
Knupp LLP

10

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Plaintiff in Breach)

2. Plaintiff's claims are barred because Plaintiff committed a breach of contract and is therefore barred from recovering any sum from Defendant or asserting Defendant's alleged default, breach, failure to comply with the contract's terms, or breach of any implied covenants, as grounds for any relief whatsoever.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3. To the extent any of the acts alleged in the Complaint occurred, Plaintiff's claims are barred as a result of Plaintiff's unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. To the extent any of the acts alleged in the Complaint occurred, Plaintiff is estopped by his own conduct from maintaining his claims, and thus the recovery sought by Plaintiff is barred in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. To the extent any of the acts alleged in the Complaint occurred, Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

Mitchell
Silberberg &
Knupp LLP

11

## SIXTH AFFIRMATIVE DEFENSE

### (Authorization, Acquiescence, Ratification, Consent)

6.     To the extent any of the acts alleged in the Complaint occurred, those acts were authorized, acquiesced in, ratified, or consented to by Plaintiff, by implication or by conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acts/Omissions of Others)

7.     Plaintiff's alleged damages, if any, are due solely to acts and omissions that are not those of, and are independent from, Defendant.  Any recovery must be set off or reduced, abated or apportioned to the extent that any other party's actions caused or contributed to any damage suffered by Plaintiff relative to this matter.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8.     To the extent that Defendant engaged in any act alleged by Plaintiff, it did so innocently and in good faith.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     Plaintiff has failed to make reasonable efforts to mitigate the damages alleged, and the relief, if any, to which Plaintiff is allegedly entitled must be diminished by the extent of his failure to mitigate.

Mitchell Silberberg & Knupp LLP

DEFENDANT'S ANSWER AND COUNTERCLAIM

## TENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

10.     Plaintiff's claims are barred, in whole or in part, by the litigation privilege, including, without limitation, California Civil Code section 47(b) and applicable common law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches to the extent Plaintiff has inexcusably and unreasonably delayed filing or prosecuting this action causing substantial prejudice to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, the four-year limitations period contained in California Code of Civil Procedure ("CCP") Section 337 and the four-year "catch all" statute of limitations contained in CCP Section 343.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

13.     Defendant's alleged acts and statements were justified and/or protected as free speech, in whole or in part, as a matter of California and/or federal law, including, but not limited to, the common law, Article I, Section 2(a) of the California Constitution, and the First Amendment to the United States Constitution, and therefore cannot give rise to liability herein.

Mitchell
Silberberg &
Knupp LLP

DEFENDANT'S ANSWER AND COUNTERCLAIM

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

14.    Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

15.    If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to offset or setoff against any such recovery all amounts owed to Defendant by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Punitive Damages)

16.    Plaintiff has failed to allege facts to support his prayer for punitive or exemplary damages against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

17.    Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages would violate Defendant's rights under provisions of the United States and California constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

Mitchell
Silberberg &
Knupp LLP

DEFENDANT'S ANSWER AND COUNTERCLAIM

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

18.    Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its attorneys' fees and other appropriate costs and expenses.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

19.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated affirmative defenses available as to the cause of action in the Complaint. Defendant expressly reserves the right to assert and rely upon additional affirmative defenses that become available or known during the course of this action, or otherwise.

## COUNTERCLAIM

Defendant and Counterclaimant Guns N' Roses ("GNR" or "Counterclaimant"), by and through the undersigned counsel, hereby asserts the following Counterclaim against Plaintiff and Counterclaim Defendant Alan G. Niven ("Niven" or "Counterclaim Defendant") as follows:

## THE PARTIES

1.    GNR is a California partnership with its principal place of business in Tennessee.  GNR's partners are citizens of the States of California and Washington.

2.    GNR is informed and believes that Niven is a citizen of Arizona.

Mitchell
Silberberg &
Knupp LLP

15

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      This Court also has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a), as each claim is so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

6.      GNR is one of the most successful and influential rock bands in history.  Formed in Los Angeles in the 1980s, GNR has sold millions of records, released some of the best-selling albums of all time, and toured internationally for decades.

7.      From approximately in or about 1986 to 1991, Niven served as a manager for GNR.  As the manager of GNR, Niven was privy to personal, proprietary, and confidential information about GNR and its band members.

8.      On or about April 26, 1991, Niven and GNR agreed to terminate their business relationship and entered into a Settlement Agreement and Mutual Release (the "Agreement").

9.      The Agreement contains, among other things, a confidentiality provision, under which Niven agreed to maintain strict confidentiality with respect to all information concerning GNR.  Specifically, Niven agreed not to disclose, either directly or indirectly, any information acquired in the course of or in connection with the services performed by Niven for GNR or in any way relating to GNR and its members and agreed that all such information would be deemed

Mitchell
Silberberg &
Knupp LLP

16

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

confidential, private, and sensitive, and would be kept confidential unless GNR otherwise advised Niven in writing.

10.   As part of the Agreement, Niven agreed that in the event that he breached this confidentiality provision, GNR would be entitled to injunctive relief and all remedies provided in law or in equity.

11.   Notwithstanding this explicit provision, Niven has recently made public statements that directly violate Niven's confidentiality obligations under the Agreement.

12.   On April 1, 2025, Niven appeared on an episode of the "Appetite for Distortion" podcast, entitled "Alan Niven: Sound N' Fury | Episode 500" (the "Episode"). On the Episode, Niven initiated the conversation by stating: "Let's talk about how Guns N' Roses fell apart and who is responsible and why and what happened and when"—directly evidencing an intention to disclose confidential information concerning GNR acquired during Niven's tenure as manager.

13.   Then, during the two-hour long Episode, Niven discussed confidential and private information regarding GNR's finances, internal relationships, creative processes, and decision-making. For example, Niven stated that "Axl takes 50% of the income of Guns N' Roses now" and "[h]alf of the band's income goes to one constantly disgruntled member."

14.   Further, the Episode was in apparent promotion of the anticipated publication of a book authored by Niven entitled "Sound N' Fury: Rock N' Roll Stories" (the "Book").

15.   Upon information and belief, the Book is intended to further perpetuate Niven's complete disregard of his confidentiality obligations under the Agreement and will discuss Niven's time as a manager of GNR, and include exclusive stories and discussions of GNR and its members, in direct violation of Niven's confidentiality obligations under the Agreement.

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

16.     In addition, GNR is informed and believes that excerpts of the Book have been sent to various publications, including Guitar.com, which on or about April 2, 2025 published personal and private information relating to one of the members of GNR taken from said excerpts.

17.     Upon learning of Niven's activities, GNR contacted Niven in an attempt to secure compliance with the Agreement.  However, Niven refuses to comply with his obligations under the Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

18.     GNR repeats and incorporates each and every allegation set forth in Paragraphs 1 through 17 as if set forth in full herein.

19.     The Agreement is a valid and enforceable contract.

20.     GNR has performed all of its obligations under the Agreement.

21.     Niven has materially breached and threatens to continue to breach the Agreement by publicly disclosing private and confidential information regarding GNR obtained while he was providing management services to GNR, including through his participating in the Episode and by publication of the Book (including in promotional activities relating thereto).

22.     GNR has not authorized the disclosure of any of its confidential or private information by Niven.

23.     As a direct and proximate result of Niven's breaches and/or anticipatory breaches of the Agreement, GNR has suffered and will continue to suffer losses and damages in an amount to be proved at trial, but which GNR is informed and believed and based thereon alleges will exceed $75,000, exclusive of interest and costs.

Mitchell
Silberberg &
Knupp LLP

18

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

24.    Niven's actions and disclosures not only violate the Agreement, but also invade GNR's right of privacy and threaten to irreparably damage GNR's standing and reputation in the community.

25.    As a direct and proximate result of Niven's acts and conduct, GNR has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  GNR is informed and believes, and on that basis avers, that unless enjoined by this Court, Niven will continue to breach the Agreement.  GNR is entitled to permanent injunctive relief to restrain and enjoin Niven's from disclosing any information that he acquired in the course of or in connection with the services performed by him for GNR, including an injunction against publication of such information in the Book or in promotion of the Book.

## PRAYER FOR RELIEF

WHEREFORE, GNR prays for judgment against Niven, as follows:

1. That Niven take nothing by his Complaint, and that his Complaint be dismissed in its entirety, with prejudice, with judgment entered in favor of GNR;

2. For a permanent injunction prohibiting Niven and his respective representatives, agents, publishers, successors, assigns, and those acting in concert with Niven or at his direction from publishing any information about GNR directly or indirectly or in any manner, including, without limitation, in the Book or in promotion of the Book;

3. For an award of GNR's actual damages arising from Niven's breach of the Settlement Agreement in an amount as may be determined at trial;

4. For attorneys' fees and costs in this action:

5. For pre- and post-judgment interest to the extent allowable by law; and

Mitchell
Silberberg &
Knupp LLP

19

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

6.  Such other and further relief as the Court may deem just and proper.

DATED: JULY 15, 2026                    BRADLEY J. MULLINS
                                        GABRIELLA N. ISMAJ
                                        MITCHELL SILBERBERG & KNUPP LLP


                                        By: */s/ Bradley J. Mullins*
                                            Bradley J. Mullins
                                            Attorneys for Defendant and
                                            Counterclaimant Guns N' Roses

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury of all claims and defenses so triable.

DATED: JULY 15, 2026

BRADLEY J. MULLINS
GABRIELLA N. ISMAJ
MITCHELL SILBERG & KNUPP LLP


By: */s/ Bradley J. Mullins*
Bradley J. Mullins
Attorneys for Defendant and
Counterclaimant Guns N' Roses

Mitchell
Silberberg &
Knupp LLP

21

**DEFENDANT'S ANSWER AND COUNTERCLAIM**